UNITED STATES of America, Plaintiff—Appellee,

v.

Randolph S. BRONTE, Defendant— Appellant.

No. 05–10514.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 16, 2006.

Decided March 28, 2006.

Jay R. Weill, Esq., USSF-Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Karen L. Landau, Esq., Oakland, CA, for Defendant–Appellant.

Before: RYMER, W. FLETCHER, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Randolph Stephen Bronte appeals from his conviction and sentence on two counts of tax evasion in violation of 26 U.S.C. § 7201 for the years 1998 and 1999, and three counts of filing false federal income tax returns in violation of 26 U.S.C. § 7206(1) for the years 1998 through 2000. We affirm.

■ Bronte faults the court for failing sua sponte to instruct on the bank deposits method of proof, *see United States v. Hall,* 650 F.2d 994, 996 n. 4 (9th Cir.1981) (per curiam); *United States v. Boulware,* 384 F.3d 794, 811 (9th Cir.2004), and argues that the evidence was insufficient to establish reportable income by that method. However, a review of the record indicates that, despite an occasional reference to a bank deposits method, the government largely proved its case against Bronte by tracking deposits by third parties into Bronte's account, *i.e.,* by the specific items method of proof. *See United States v. Marabelles,* 724 F.2d 1374, 1377 n. 1 (9th Cir.1984). Accordingly, there was neither plain instructional error nor any question that a rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ Bronte asserts that there was misconduct in the form of vouching, disparaging defense counsel, and inflaming the jury during closing argument. No challenges were made at trial, and therefore we review for plain error. *United States v. Tam,* 240 F.3d 797, 804 (9th Cir.2001). There is none. The prosecutor's comments about counsel were not particularly pejorative and were supported by the evidence; while his comments about Bronte may have been a hard blow, they were not a foul blow and they were likewise supported by the evidence; and his "I think" comments either did not imply out-of-court knowledge or were of no substantial import to the issues before the jury. *See United States v. Necoechea,* 986 F.2d 1273, 1278 (9th Cir.1993) (as amended) (noting factors). Also, the district court made clear to the jury that comments of counsel were not evidence. *Id.* at 1283.

■ Finally, Bronte contends that the employment and debt-related conditions of his supervised release are not consistent with 18 U.S.C. § 3553(a). However, both serve to protect the public and to deter future wrongdoing. The occupational restriction is sufficiently related to the offense, and the debt restriction to the collection of the fine. Bronte's challenge to the fine itself fails, as it is apparent from the transcript that the court took all relevant considerations into account as best it could in the absence of financial records from Bronte—which he refused to provide—and did not plainly err in imposing a fine that was greater than the guideline range but less than the statutory maximum.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.